76675. PROCTOR et al. v. INLAND SHORES, INC. et al.
(373 SE2d 268)

Birdsong, Chief Judge.

Tom and Doyle Proctor appeal the grant of directed verdict to the plaintiff below, Inland Shores, Inc., and the setting aside of deeds to twenty lots of land in Florida.

It appears that either the defendants, brothers Tom and Doyle Proctor, or Tom's Ornamental Iron, Inc., were supposed to build an incinerator for Universal Heat Control, apparently to sell. This lawsuit was initiated by Inland Shores, Inc., (assignee of Quailco), which are both associated with the principals of Universal Heat Control. Apparently, although no incinerator was ever built or delivered, Tom and Doyle ended up with 20 lots of land in Florida (conveyed by Quailco) and 30 percent of the shares of Universal Heat Control.

Since no incinerator was ever delivered to Universal Heat Control, the appellee Inland Shores sued Tom and Doyle Proctor to have the deeds set aside, and/or for a lien and/or damages to be imposed. Inland Shores also sued in breach of contract and for fraud, on grounds Tom and Doyle never intended to build the burner, but only said they would so as to get the land in Florida and the shares of Universal Heat Control.

Inland Shores claimed lack of consideration for the deeds, and said that in any case the agreement had been that the deed conveyances were meant only as security against Universal Heat Control's default in paying Tom's and Doyle's costs in building the incinerator. However, the deeds convey fee simple title without condition, which Tom and Doyle say proves their contention that the lots and the shares were given outright to them as down payment on their costs in building the incinerator.

Tom's testimony was exceedingly confused and confusing. He gave no real evidence at all as to what the agreement had been. He was even unsure whether he and Doyle ever built a burner, or part of a burner; or whether they built one and took it to the local landfill. The only thing that seems clear is the inference that if he and Doyle started to build an incinerator for Universal Heat Control, they at some point stopped, but even this is clouded by references to an incinerator he took to the landfill.

Doyle Proctor testified there was no written agreement concerning the building of the incinerator and gave no testimony as to his understanding of it, except: "Well, we were busy and we said we'd start it, but, you know, we'd get started." He and Tom worked on it about seven weeks and then quit, having finished 50-85 percent of the machine and then determining it would cost $200,000 to $300,000 to finish the last 10-15 percent. He tendered in court some bills for blueprints and steel which he represented as what he had paid for parts. (Denial of a defendants' counterclaim has not been appealed.) *Held*:

The trial court did not err in directing a verdict to Inland Shores' favor and cancelling the deeds. It seems safe to say that if there ever was an agreement underlying as consideration the deeds to 20 Florida land lots, no one knows what it was. It also seems safe to say that whatever it was Tom and Doyle were supposed to do, they did not do. They implied they built some of the incinerator and then ran out of money, but from this record, it looks as if they just laid down their tools, without saying anything to anyone. Or perhaps they did build an incinerator, but took it to the landfill. In any case, Tom's and Doyle's testimony is so vague, uncertain, equivocal and self-contradictory, that all of it must be construed in all respects against them. *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474 (359 SE2d 231). Therefore, we must conclude the deeds for the 20 lots were not unconditional conveyances but were based upon an agreement too vague to be enforced, or which they breached in any case. No incinerator was ever delivered. The conveyances of shares and land were therefore without consideration or they were based upon an agreement not in writing.

The trial court did not err in cancelling the deeds, nor, since the issue had been joined, was it required to allow the plaintiff to dismiss the complaint just prior to its ruling.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1988.

*Charles J. Vrono*, for appellants.
*Sam Johnson, D. M. Johnson*, for appellees.