72750. JETER v. EDWARDS.
(349 SE2d 28)

BIRDSONG, Presiding Judge.
The plaintiff Geraldine Jeter appeals from the grant of summary judgment in this slip and fall case. She contends she fell after stepping in a hole or uneven place on the sidewalk edge at defendant's market, Wally's Food Center. She had shopped at Wally's two or three times a month for some time, always parking near the front door. On this occasion, the parking lot was crowded and she was compelled to park farther away, in an area where she had never parked. The sidewalk at Wally's is broken and uneven, with many chipped places at the edge along its entire length. It is undisputed this condi-

tion is clearly visible if one but looks at it. The plaintiff walked into the store the same way she walked out. She fell as she was leaving the store; she was carrying one bag of groceries to the side on her hip, like a baby, in her right arm, and carried her pocketbook on her left arm. Nothing distracted her attention, but she did not look down until she stepped in a hole and had already fallen.

Under these facts, we do not see what remains for a jury to ponder. That the condition "was not openly visible nor within plain view from where she normally parked her car and entered defendant's store [and she had] never parked nor traversed the area of the walkway on which she was injured [nor ever] had reason to inspect it," does not answer the question. It was clearly visible, but she did not look. She navigated it safely on her way in but on her way out did not look. No issue remains. This was a "static condition" which alone was not dangerous until someone stepped into it. Wally's had reason to believe she would discover the condition or realize the risk involved. *Inglett v. Winn Dixie*, 168 Ga. App. 192, 194 (308 SE2d 537). See also *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1986.

*Phillip N. Golub*, for appellant.
*Bryant H. Bower*, for appellee.