73584. EMORY UNIVERSITY, INC. v. DUNCAN et al.
(355 SE2d 446)

POPE, Judge.

Plaintiffs June and Weldon Duncan brought this action for negligence and loss of consortium, respectively, against defendant Emory University, Inc. seeking recovery of damages for injuries incurred following June Duncan's fall on defendant's premises. We granted this interlocutory appeal to review the trial court's denial of defendant's motion for summary judgment.

Defendant's sole enumeration of error asserts that the condition which allegedly caused Ms. Duncan to fall was open, obvious and in plain view, thus precluding plaintiffs' recovery as a matter of law. The

evidence of record shows that Ms. Duncan fell and was injured on the entryway to Cox Hall on the Emory University campus when the toe of her shoe caught on a one-inch rise in the concrete. There were no warning signs nor is there any color or texture differentiation in the concrete. She became aware of the one-inch rise only after she had fallen. Also, she had no prior knowledge of this condition as her fall occurred the first time she used this approach to the building. After she had ascended the steps leading up to the entryway, she was walking and looking straight ahead and did not see the alleged defect in the concrete because there was nothing to differentiate the one-inch rise from the remainder of the entryway. In her affidavit opposing defendant's motion for summary judgment she expressed the opinion that a person exercising ordinary care would not notice the one-inch rise unless specifically looking for such "defective" condition. Plaintiffs also submitted the affidavit of an architect who gave his expert opinion that the one-inch rise constituted "an inherently dangerous structural defect at said location and a safety hazard for the users of [the entryway]."

In her deposition Ms. Duncan testified that on the day of her fall, there was nothing obscuring the spot of the alleged defect; it was a clear day and she was not distracted. Her questioning continued: "Q. This one-inch rise, if you are standing over, can you see it? A. I would say if you look down at the ground you could see it. Q. You wouldn't have to get on your hands and knees to see it? A. No. If you look down at it, I am sure you can see it. Q. If you look down at it, is it an obvious condition; can you see it? A. I wouldn't say that it was obvious, no. You would never know it was there. I think if you walked into the building the way I did, unless you actually look down, you would not see it and it is not something that stands out. It is not painted or anything." Ms. Duncan also testified: "Q. On the day you fell, did you see what had caused you to fall? A. Oh, yes, it was very obvious. The security guard asked me, the ambulance attendant, they could see clearly what caused me to fall. Q. They could clearly see where you fell? A. Yes. . . . Q. When you went out there again, could you clearly see the spot where you had fallen? A. Yes, when I went back. Q. If you went out there with us today, would you be able to clearly see it? A. Yes, if I was standing right there, yes. Q. If we were to go out there today, is that spot in plain view? A. I don't think it would be in plain view. Q. Would we have to move something out of the way to see it? A. No. You would have to look down to see it. Q. But if we look down, would it be in plain view? A. If you look down. Q. If you focused your eyes on it? A. Down on the ground you would see it."

1. As a preliminary matter, we disagree with defendant's assertion that there is a direct contradiction between Ms. Duncan's deposition testimony and her affidavit opposing summary judgment. In es-

sence she testified that there was nothing about the alleged defect which would have drawn her attention to it. This does not contradict her further testimony that the defect was plainly visible if one looked down at it. We therefore construe all of the evidence here more strongly against defendant, as movant for summary judgment. See *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981); see also *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

2. We find instructive the analysis in *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984), in which we restated rules applicable to this type of case: "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." (Punctuation omitted.) Id. at 114. The *Hadaway* court also noted "a distinction between emergency conditions existent on an owner's premises and static conditions which are not inherently dangerous in and of themselves. . . . [W]here an invitee encounters an unusual or emergency situation which is known to the owner, there may be a substantial question as to application of the assumption of risk doctrine. However, . . . a different standard [exists] where there is a patent and long standing but static defect. . . . [A] 'static' defect [is] one which in and of itself is not dangerous. Certainly where there is common knowledge of a break in pavement, the defect standing alone is not dangerous or likely to cause injury until such time as one drives into it or falls into it. The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." (Citations and punctuation omitted.) Id. at 114-15.

"The proof offered clearly puts this case within the line of cases involving the 'plain view' doctrine and effectively eliminates any 'dis-

traction' theory. [Cits.]" Id. at 115. Moreover, the condition of the entryway could only be classified as "static" under the definition cited above in the *Hadaway* case. Whether or not Ms. Duncan's fall occurred the first time she used the subject entryway, "the test would be the same — was this rise inherently dangerous so that, assuming the exercise of ordinary care for her own safety, plaintiff could still have fallen." *Cash & Save Drugs v. Drew*, 124 Ga. App. 721 (185 SE2d 786) (1971). Plaintiffs' assertion that there was nothing about the alleged defect which would have drawn Ms. Duncan's attention to it cannot avail, for it does not appear that she ever looked down. Accord *Rich's, Inc. v. Waters*, 129 Ga. App. 305 (199 SE2d 623) (1973); *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47, 49 (183 SE2d 7) (1971). It was incumbent upon her, as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path. *Rich's Inc. v. Waters*, supra; *Holliday v. Mayor &c. of Athens*, 10 Ga. App. 709, 713 (74 SE 67) (1912). Furthermore, "[w]arnings of . . . condition[s] which are or should be obvious are not required." *Herschel McDaniel Funeral Home*, supra at 49. In the posture presented, and applying the legal maxims thereto, we find the trial court erred in denying defendant's motion for summary judgment. Accord *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986).

*Judgment reversed. McMurray, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 3, 1987 —
REHEARING DENIED MARCH 26, 1987 —

*J. M. Hudgins IV, Lance D. Lourie*, for appellant.
*Christopher G. Knighton, Robert A. Elsner*, for appellees.