74434. THACKER v. MATTHEWS TUXEDO, INC. et al.

(359 SE2d 231)

BIRDSONG, Chief Judge.

Alexandria A. Thacker, plaintiff below, appeals from the grant of summary judgment to the defendant grocery store. Thacker was shopping in defendant's grocery store on Roswell Road in Atlanta, and alleged that she tripped and fell in the parking lot over a sign which was negligently designed and constructed. The trial court granted defendant's motion for summary judgment, and Thacker brings this appeal. *Held*:

Appellant enumerates but one error, that there remain substantial issues of fact to be resolved by the jury. Deposition testimony of Ms. Thacker established that she was 75 years of age and could not remember the date of her alleged injury. She did recall that she had visited defendant's grocery store and had driven her car to the premises. She customarily visited the same store "two or three times a week." Ms. Thacker had finished her shopping and had taken some of her groceries back to her car. As she returned to the store, "my toe hit something and it was a — it had to be it, because that walkway is, you know, you know what I mean. And when I did, I fell forward and hit my head and my hand on the sidewalk. . . . I fell on that step, on the way back in, yes." She was asked, "but what did you hit, that made you hit the pavement? A. Something that my toe hit. Q. Do you know what your toe hit? A. I couldn't look down because I was looking where I was going. Q. Okay. So you — A. Stumbled over something. Q. You stumbled over something? . . . You're not sure what it was? A. No, but it wasn't there when I went down, because I would have hit it." When questioned about the allegation that she stumbled over a negligently designed and constructed sign, she answered: "Well, it was the sign that was on that thing. The thing moved, whatever it was. . . . That sign that was on that little cart. . . . It was suppose[d] to be up where the things are, but it had rolled down to where the cars come. It had gotten away. Q. The sign on the cart? . . . A. On a cart. Now, just a little sign, but they had a sign on it. . . . About a foot and a half by two feet, something like that. . . . Q. Ms. Thacker, you stated that you did not know what you hit. A. No, that's just my . . . Just a guess. . . . But there was something there on that walkway that wasn't there when I went down, because I

would have hit it. And when I went back up, I hit it. Q. But you don't know what it was? A. No."

When Ms. Thacker was asked if she had been hospitalized, she said that before this incident she had fallen "on ice twice," and broken one hip at one time and another hip at the second time. She has also broken her hip again after the accident when she fell down some steps. She had also broken her collarbone, her nose and her arm. She was asked: "Q. Ms. Thacker, what did the grocery store do wrong? A. Everything. . . . Q. What do you mean? A. Well, it didn't see about my [injured] hand. They didn't call me . . . to see how I was getting along. I was just another customer of theirs. Q. They didn't do anything wrong before you fell, though? A. No."

The general purpose of the summary judgment procedure is to determine if there is a material issue of fact to be tried, rather than to set up a technical pitfall for the unwary advocate. *Glenn v. MARTA*, 158 Ga. App. 98, 99 (279 SE2d 481). Usually, issues of negligence, contributory negligence, and lack of ordinary care for one's safety are not susceptible of summary adjudication, but a trial court is permitted to conclude, as a matter of law, that the facts do or do not show negligence on the part of a defendant where the evidence is plain, palpable and indisputable. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336). Although the rule in Georgia is all evidence adduced on motion for summary judgment, including that of the party opposing the motion to be construed against the movant (*Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713, 714 (279 SE2d 210)), the testimony of a party is to be construed most strongly against him where it is self-contradictory, vague or equivocal. *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866). The standard to be applied is: (1) determine whether the testimony of the party is contradictory, (2) if a reasonable explanation is offered for the contradiction, that testimony will not be construed against the party, (3) the burden is on the party giving the testimony to offer a reasonable explanation, and (4) whether this has been done is an issue of law for the trial judge. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680).

Although the complaint alleged Ms. Thacker fell over "a sign which was negligently designed and constructed," a summary of her deposition testimony is that she "fell on that step," she "stumbled over something," she "couldn't look down because [she] was looking where she was going," "it was the sign that was on that thing. The thing moved," "It had gotten away," her conclusion was "[j]ust a guess" as to what she stumbled over, and she did not know what it was that caused her fall. In effect, she has concluded she fell and something must have caused it. Such testimony is contradictory. Ms. Thacker has offered no reasonable explanation for such contradiction.

There is no reasonable evidence of a condition created or suffered to exist by the owner of which it had or could have had greater knowledge than Ms. Thacker. The trial court was justified in finding an absence of any material issue of material fact and in granting summary judgment to the defendant. *Butler v. Doe*, 180 Ga. App. 313, 314 (349 SE2d 34); *Georgia Farm Bureau Mut. Ins. Co. v. Nolan*, 180 Ga. App. 28, 29 (348 SE2d 554).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 30, 1987.

*Joseph J. Fine, Gary M. Goldsmith*, for appellant.
*Thomas F. Allgood, Jr.*, for appellees.