## A89A1142. WHITLEY v. HULON.

(390 SE2d 598)

McMurray, Presiding Judge.

Plaintiff Barbara Joan Whitley brought this slip and fall case against defendant Michael Hulon, d/b/a Western Sizzlin of Fitzgerald. She alleged that she entered defendant's restaurant on October 24, 1985, to eat lunch and that as she left the restaurant she fell and sustained severe and disabling injuries. Defendant was alleged to be negligent in failing to remedy what he knew was a dangerous condition upon his premises. Defendant answered the complaint and denied any liability whatsoever. Following discovery, defendant moved for summary judgment. The motion was granted and plaintiff appealed.

Viewing the evidence in a light favorable to plaintiff, the party opposing the motion for summary judgment, we find the following: Prior to October 24, 1985, plaintiff visited defendant's restaurant at least one time. On the day in question, plaintiff entered the restaurant by walking up a wheelchair ramp which led to a door. After eating lunch, plaintiff exited the restaurant via the same door. As she walked out the door, however, plaintiff turned to her left (cutting across the wheelchair ramp) to take a shortcut to the parking lot. In so doing, plaintiff placed her foot on a slope which extended from the edge of the wheelchair ramp to the parking lot. Plaintiff slipped on the slope and fell to the ground.

Plaintiff averred that she was aware of the slope but she did not realize that it was unsafe. In this regard, she averred that the slope was black, the same color as the parking lot and that, therefore, she could not ascertain the degree of the slope. (She may have noticed the danger, plaintiff insisted, if the slope had been painted a color different from that of the parking lot.) Moreover, plaintiff averred that, unbeknownst to her, the slope was very slick.

Defendant himself characterized the slope as being "very abrupt" and the evidence demonstrated that prior to plaintiff's fall, another customer of defendant fell on the slope. Nonetheless, defendant took no steps to warn customers of the condition of the slope, or to prevent customers from stepping upon the slope, prior to plaintiff's fall.

In *Pinkney v. VMS Realty*, 189 Ga. App. 177, 178 (375 SE2d 90), plaintiff stepped off of a ramp in a parking garage and fell. She conceded that she was aware of the existence of the ramp and that if she had " 'looked for it very closely' " she could have seen the drop-off. She added, however, that the drop-off was not "readily observable because the two levels appeared to blend together due to the poor lighting and the absence of any railings or warning markers." The trial court granted summary judgment to defendants and we reversed, holding: "Although [plaintiff] conceded her obvious knowledge that

she was parked on a ramp and further conceded that she would have been able to see the ledge had she been looking down at it 'very closely,' she explained that her attention was focused on the security guard and that, due to the poor lighting and the lack of any guard rails or warning markers, the two levels appeared to blend together. Whether her failure to see the ledge constituted a lack of due care for her own safety under these circumstances and whether, if so, her negligence outweighed any possible negligence on the part of the [defendants] in failing to provide a guard rail, warning markers, and/or better lighting are issues of fact to be resolved by a jury. [Cits.]"

In the case sub judice, as in *Pinkney*, plaintiff was aware of the existence of the slope but she was unable to appreciate the danger posed by the slope. Why? Because the slope blended together with the parking lot and plaintiff was unable to discern the degree of the slope. Given these circumstances, we conclude that the trial court erred in granting defendant's motion for summary judgment. Whether plaintiff exercised a reasonable lookout and whether defendant should have painted the slope, erected a guardrail or posted warning signs are questions of fact which should be resolved by a jury. *Pinkney v. VMS Realty*, 189 Ga. App. 177, supra.

*Judgment reversed. Carley, C. J., Banke, P. J., Pope and Benham, JJ., concur. Deen, P. J., Birdsong, Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The record shows, and the briefs adequately develop, that summary judgment for defendant was required by law.

The incident occurred on plaintiff's way out, after she had entered the same way and had seen the black asphalt slope on the side of the concrete ramp. Nothing obstructed her view of it. She realized it was sloped. What is more, she had been there several times, when the condition was the same.

Additionally, her contradictory statements that there was something slick and rough are not explained. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986).

She said she did not know what caused her to fall. "I slipped, I suppose. My foot slipped as I stepped down," she said. She could see the paving she fell on, which was where the slope started to level out at the bottom, and she agreed there was no foreign substance. Her opinion that it was unsafe was a conclusion she drew based solely on her unsubstantiated belief that many people fell on it.

There is no evidence of a latent danger or concealed hazard, as distinguished from the cases cited by plaintiff. Instead, it more closely approximates *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474 (359 SE2d 231) (1987).

I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

DECIDED DECEMBER 20, 1989 —
REHEARING DENIED FEBRUARY 2, 1990 —

*Robert B. Sumner, Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Gibson & Jackson, Douglas L. Gibson,* for appellee.