A90A0693. GRAY v. ALTERMAN REAL ESTATE
CORPORATION et al.
(396 SE2d 42)

CARLEY, Chief Judge.

Appellant-plaintiff was injured when he fell on commercial property owned by appellee-defendant Alterman Real Estate Corporation (Alterman) and leased by appellee-defendant Food Giant, Inc. (Food Giant). As the result of his fall, appellant filed suit against appellee Alterman and appellee Alterman filed a third-party complaint against appellee Food Giant. Appellees answered and subsequently moved for summary judgment. The trial court granted appellees' motion for summary judgment and appellant appeals.

Construing the evidence most favorably for appellant, the record reveals the following: Appellant parked his vehicle in front of appellees' premises. It is unclear whether he parked in a space within the designated parking area or in the actual driveway that separated the store from the designated parking area. In any event, appellant stepped out of his vehicle directly into a large pothole and immediately fell. He acknowledged that he had never looked down before he stepped from his vehicle directly into the pothole. Appellant's explanation for not having done so was that he "was looking up and around to be able to avoid cars and trucks." On this evidence, appellant urges that a genuine issue of material fact remains as to his recovery under a "distraction" theory.

The "distraction" theory " ' "cover[s] situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur." ' [Cit.]" *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855 (1) (360 SE2d 415) (1987). " 'A possible confrontation with vehicular traffic on the property may be a significant "distraction" for a *pedestrian-invitee* on the prem-

ises.' [Cits.]" (Emphasis supplied.) *Magee v. Federated Dept. Stores*, 187 Ga. App. 620, 621 (371 SE2d 99) (1988). At the time of his injury, however, appellant had yet to become a "pedestrian-invitee" on appellees' premises. He stepped from his vehicle directly into the pothole and immediately fell. Whether one can safely *exit from his vehicle* is a determination which necessarily must precede the determination of whether one can safely *walk across an area* where vehicular traffic may be encountered. To open the door to one's own vehicle and alight therefrom without having *first* checked for the presence of vehicular traffic would be to subject oneself voluntarily to a possible emergency situation. Accordingly, if appellant opened the door to his vehicle and alighted therefrom *while* he was simultaneously checking for the presence of vehicular traffic, the "distraction" was self-induced by a possible emergency situation which was entirely of his own creation. " 'One valid line of distinction existing in the so-called "distraction" cases concerns the cause of the distraction. Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence.' " *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978). Before appellant even opened the door to his vehicle and took his first step out, he should *already* have determined whether the presence of vehicular traffic prevented him from safely doing so. Having first determined that he could safely exit his vehicle, it was *then* "incumbent upon [him], as a matter of law, to use [his] eyesight for the purpose of discovering any discernible obstruction or defect in [his] path. [Cits.]" *Emory Univ. v. Duncan*, 182 Ga. App. 326, 329 (2) (355 SE2d 446) (1987). It is undisputed that appellant failed to do so, having been "distracted" only by his own election to exit his vehicle while simultaneously checking to determine whether he may have already placed himself in an emergency situation.

In his affidavit, appellant also asserted that he had not seen the pothole because "the door [of his vehicle] obstructed [his] vision." Undoubtedly, the door of appellant's vehicle obstructed his view of the pothole at some unspecified point prior to his fall. The relevant inquiry, however, is whether appellant's view of the pothole was obstructed at the point immediately *before* he was about to step into it. Appellant never testified that, after he opened the door of his vehicle, it had obstructed his view of the surface upon which he was about to step. Appellant testified instead that he had never looked down when stepping from his vehicle because he had been "distracted" by the possibility of encountering vehicular traffic. If the door did not physically obstruct appellant's placement of his foot directly down into the pothole, it obviously would not have visually obstructed him from observing the pothole had he looked down prior to stepping into it. "It

is generally incumbent upon one to use his eyesight for the discovering of any obstruction that may have been placed in the way. [Cits.]" *Slaughter v. Slaughter*, 122 Ga. App. 374, 379 (2) (177 SE2d 119) (1970). " '(W)here (an obstruction) is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure.' [Cit.]" *Jones v. Richardson*, 178 Ga. App. 49 (342 SE2d 12) (1986).

The "plain view" doctrine "is that one is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. [Cits.]" *Stenhouse v. Winn Dixie Stores*, supra at 474-475. Appellant had parked on appellees' premises before and had seen potholes at various locations. On this occasion, however, he stepped out of his vehicle without looking to see whether he might be placing his foot in one of the potholes or some other defect on the paved surface. " 'The [pothole] was not a slight or inconspicuous one. . . . Whether (it) was dangerous depends largely on whether (it) was such as would not necessarily be seen by the plaintiff in the exercise of ordinary care. (It) was on the surface, not hidden, and could easily have been seen by the plaintiff had [he] been exercising ordinary care in observing where [he] was walking.' [Cits.]" *Slaughter v. Slaughter*, supra at 379 (2). " 'The proof offered clearly puts this case within the line of cases involving the "plain view" doctrine and effectively eliminates any "distraction" theory. (Cits.)' [Cit.]" *Emory Univ. v. Duncan*, supra at 328-329. It follows that the trial court correctly granted appellees' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990.

Bauer, Deitch & Raines, Henry R. Bauer, Jr., Gilbert H. Deitch, George R. Ference, for appellant.

*Whitehurst & Frick, Stephen P. Riexinger, R. Patrick White, Thomas L. Holder, Gorby, Reeves, Moraitakis & Whiteman, Eve A. Appelbaum, Andy Nelson*, for appellees.