### A90A1217. NUNNELLEY et al. v. BROWN et al.
(399 SE2d 219)

Sognier, Judge.

Arne and Doyle Nunnelley brought suit against Heart Strings, Inc., and Barbara Brown and Beth Slocum, both individually and as co-partners in Heart Strings, seeking damages for injuries incurred by Arne Nunnelley when she slipped and fell at The Victorian Tea Room, a restaurant owned and operated by the defendants. The trial court granted the defendants' motion for summary judgment, and the Nunnelleys appeal.

In her deposition appellant Arne Nunnelley stated that she and a friend went to The Victorian Tea Room to have lunch. She walked down the sidewalk, which was unpainted concrete, up a step and across several feet of "porch" to the front door of the restaurant. The step and porch were covered in black carpet, and a yellow strip of tape was on the step. Ms. Nunnelley testified that the tape could be seen when entering the restaurant, but that she did not notice it at that time. Ms. Nunnelley remembered entering the restaurant without incident, spending approximately 45 minutes at lunch, and departing in full possession of her mental faculties. After exiting the front door and stopping on the porch to look at items displayed in windows, she walked across the porch to the sidewalk. Ms. Nunnelley stated that she "did not remember" and "didn't realize" there was a step down to the sidewalk, testifying that "I don't remember what I was looking at. I suppose I was looking at where I was walking." Ms. Nunnelley fell and broke her wrist and a toe. The weather at the time of her fall was sunny, and all surfaces were dry.

"Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go. In order for a plaintiff to recover, two elements must be proven: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of this knowledge,

assumes the risks and dangers incident to the known condition." (Citations and punctuation omitted.) *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988). The record here reveals that appellant Arne Nunnelley knew about the presence of the step, having traversed it less than an hour earlier, that she had consumed no alcohol or taken any medication to impair her mental faculties, and that by her own testimony she was not distracted by the window displays from exercising due caution for her own safety.

Appellants argue, however, that because of Ms. Nunnelley's testimony that from the slope of the porch, neither the step nor the yellow warning strip on the step was visible upon exiting the restaurant, but rather it appeared that the black carpet sloped directly into the sidewalk, a material issue of genuine fact has been raised whether an optical illusion was created so as to negate Ms. Nunnelley's knowledge of the existence of the step. In support of this argument they cite *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (349 SE2d 241) (1986). In that case the plaintiff, distracted by the need to watch for passing vehicular traffic, fell over a slightly elevated unpainted concrete bumper which, in the rain, tended to merge visually with the surrounding pavement. In contrast, the step in the case at bar was marked by yellow tape visible to all who entered the restaurant, the weather was clear and sunny, and there was nothing to distract Ms. Nunnelley from seeing either the step or the drop from the end of the porch to the sidewalk. We thus find *Shackelford*, supra, distinguishable. The evidence establishing that appellant Arne Nunnelley's knowledge of the defective or dangerous condition equalled or exceeded the proprietors' knowledge, appellees have carried their burden of negating at least one of the essential elements of appellants' case. *Motes*, supra at 69. Accordingly, the trial court property granted summary judgment in favor of appellees.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, Pope and Beasley, JJ., concur. Carley, C. J., McMurray, P. J., and Cooper, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

In my view, the decision in the case sub judice is controlled by *Whitley v. Hulon*, 194 Ga. App. 363 (390 SE2d 598), therefore, I respectfully dissent. As in *Whitley*, the case sub judice involves allegations of a defective premises which prevented plaintiff Arne Nunnelley from accurately discerning what lay in her path. In *Whitley*, poor lighting caused the slope of a ramp to blend together with a parking lot. In the case sub judice, an optical illusion created by the slope of a porch caused it to appear to slope directly into the sidewalk, thus concealing the presence of a step. While plaintiff had recently traversed *the path into* the establishment where a colored tape provided

notice of the step, *the path out* did not afford similar warnings. Whether plaintiff exercised a reasonable lookout and whether a warning sign should have been posted are questions of fact which should be resolved by a jury. See also *Pinkney v. VMS Realty*, 189 Ga. App. 177 (375 SE2d 90).

I am authorized to state that Chief Judge Carley joins in this dissent.

DECIDED OCTOBER 15, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 — 

*Thomas J. Crownover*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath*, for appellees.