A90A0944. FROMAN et al. v. GEORGE L. SMITH, GEORGIA
WORLD CONGRESS AUTHORITY.
(398 SE2d 413)

COOPER, Judge.

Appellants brought this action for negligence and loss of consortium against appellee for injuries suffered by appellant Naomi Froman ("Mrs. Froman") when she fell on appellee's premises, the Georgia World Congress Center ("Center"). The trial court granted appellee's motion for summary judgment, and this appeal followed.

Appellants' sole enumeration of error asserts that the trial court erred in finding that Mrs. Froman was, or should have been, aware of an expansion joint on the sidewalk and should have exercised ordinary care to avoid it, as she had on the occasions prior to her fall. A review of the evidence reveals that appellants were in Atlanta to attend a convention at the Center, and Mrs. Froman took several sightseeing tours for which she took a shuttle bus to and from her hotel to the Center. Mrs. Froman used the shuttle bus on the two days before her fall and had returned from a tour on the third day when the incident occurred. On each day, the shuttle buses loaded and unloaded in the same general area in front of the Center, and in that area was an expansion joint, a metal strip which ran the length of the sidewalk joining two sections of concrete. The incident occurred at approximately 4:00 p.m. on a clear day, and the dark expansion joint, over which Mrs. Froman tripped, was clearly visible in contrast to the lightly-colored pavement and remained in the same condition during the three-day period of Mrs. Froman's visit. Mrs. Froman contends, however, that prior to her fall, her view of the sidewalk was impaired because the sidewalk was crowded with people.

The trial court held that appellee did not have superior knowledge of the condition of the sidewalk and the expansion joint and that due to the fact that Mrs. Froman had traversed the route of which she now complains several times, her knowledge of the potential danger presented by the expansion joint was equal to that of the appellee. The court found Mrs. Froman's claim that the crowd obstructed her view of the sidewalk to be without merit and immaterial. We agree.

" 'For appellant to recover under a common law negligence theory, there must have been a defective condition on appellee's prem-

ises, which defect was the cause of appellant's fall and of which appellee had superior knowledge. The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' (Cit.)" (Punctuation omitted.) *Tuck v. Marriott Corp.*, 187 Ga. App. 567 (1) (b) (370 SE2d 795) (1988).

The raised expansion joint would be characterized as a "static" defect, "one which in and of itself is not dangerous." *Emory Univ. v. Duncan*, 182 Ga. App. 326 (2) (355 SE2d 446) (1987). "Whether or not [Mrs. Froman's] fall occurred the first time she used the [sidewalk], 'the test would be the same — was this rise inherently dangerous so that, assuming the exercise of ordinary care for her own safety, [Mrs. Froman] could still have fallen.' [Cit.] . . . It was incumbent upon her, as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path. [Cits.]" Id. at 329. The contrast in color between the expansion joint and the concrete of the sidewalk should have been apparent to Mrs. Froman. She cannot prevail against appellee under the theory that her view was obstructed or she was distracted by a crowd because she has not demonstrated that appellee created the "distraction" which diverted her attention proximately causing her injury. See *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (1) (263 SE2d 171) (1979). Furthermore, "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. American Legion Post*, 189 Ga. App. 610 (3) (376 SE2d 698) (1988). Based on the foregoing, we conclude the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1990.

*Smolar, Pelletier, Roseman & Barnes, Barry L. Roseman*, for appellants.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney,*

*Michael J. Bowers, Attorney General, J. Robert Coleman, Deputy Attorney General, Janet E. Bradford*, for appellee.