A91A2084. WALLACE v. POINTE PROPERTIES, INC.
(414 SE2d 678)

McMURRAY, Presiding Judge.

Plaintiff Wallace was injured when she stepped in a hole on the property of defendant Pointe Properties, Inc., and subsequently filed this action for damages. Plaintiff appeals from the grant of summary judgment in favor of defendant. *Held:*

The status of plaintiff upon the property is contested in the case sub judice. Defendant contends that plaintiff was merely a licensee, while plaintiff contends that she was an invitee. Plaintiff's affidavit shows that her job as a case manager with Community Care Services, Inc., allowed her to act as a broker for community support services for senior citizens so as to help them receive all the state and federal aid to which they are entitled, including that which would permit them to remain in an independent living situation such as defendant's apartments. Plaintiff states that on the day of her injury she was visiting defendant's premises to help clients who resided there remain independent enough to pay rent and thus continue as tenants in defendant's apartments. "An invitation is implied where the entry on the premises is for a purpose which is, or is supposed to be, beneficial to the owner. *Crossgrove v. A. C. L. R. Co.*, 30 Ga. App. 462 (118 S. E. 694)." *Coffer v. Bradshaw*, 46 Ga. App. 143, 148 (167 SE 119). See also *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (2) (392 SE2d 535); *Burkhead v. American Legion, Post No. 51*, 175 Ga. App. 56 (332 SE2d 311). As plaintiff's presence on the premises may have been beneficial to defendant in that it may have aided defendant in retaining tenants, there is sufficient evidence to permit a jury to conclude that plaintiff was an invitee. Therefore, for purposes of defendant's motion for summary judgment, we must view plaintiff as an invitee. An owner or occupier has the duty to an invitee to exercise ordinary care to keep the premises safe. OCGA § 51-3-1.

This incident occurred shortly before noon on a beautiful clear June day. Plaintiff, accompanied by a colleague, was on her way to an appointment with a client when some papers she was carrying were blown from her hand. When plaintiff saw some of the papers across a closed dead end street, she started over to them and stepped into the hole which she had not seen. The hole, which was approximately eight inches in diameter and three feet deep, was one of several similar holes which held cement posts separating a pedestrian mall from the street except that the hole in question did not contain a post and was empty. The pavement surrounding the hole was covered with green paint which continued to the metal encasement of the hole. There was nothing warning anyone of the presence of the hole or which would have blocked plaintiff's view of the hole. Plaintiff testified that she looked across the route to her papers, saw no obstructions and nothing unusual in the area she would traverse, and proceeded toward her papers looking straight ahead of herself. Plaintiff opined that the reason she did not see the hole was because of "the way the road is curved and the way the shadows of the buildings are there."

Defendant contends that plaintiff is barred from recovery by the "plain view" doctrine. "The 'plain view' doctrine 'is that one is under a duty to look where he is walking and to see large objects in plain

view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. (Cits.)' *Stenhouse v. Winn Dixie Stores*, [147 Ga. App. 473, 474-475 (249 SE2d 276)]." *Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239, 241 (396 SE2d 42). Plaintiff was under a duty to use her eyesight for the purpose of discovering any discernible obstruction in her path. *Froman v. George L. Smith &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413). However, in *Froman*, in *Hospital Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103), and in *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28), it was uncontroverted that the obstructions were clearly visible. Such was the case also in *Nunnelley v. Brown*, 197 Ga. App. 711 (399 SE2d 219), cited in the dissent, where the steps in question were plainly marked with yellow tape and had been safely traversed by that plaintiff an hour prior to her injury. In the case sub judice, there is evidence that the hole was not in plain view, but was obscured by a combination of factors. Thus, a genuine issue of material fact remains as to whether the hole was in plain view and whether plaintiff maintained a reasonable lookout for such obstructions. See *Whitley v. Hulon*, 194 Ga. App. 363 (390 SE2d 598). A further issue exists as to whether the hole was "at a location where they are customarily placed and expected to be." See *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 476 (249 SE2d 276).

We reject the supposition advanced in the dissent that plaintiff's testimony was contradictory. Even when construed most strongly against her, plaintiff's explanation, of why the hole was difficult to see, consistently maintains that the difficulty arose when light and shadows combined to conceal the actual contours of the area. The superior court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Carley, P. J., Pope, Beasley, Cooper, JJ., and Judge Arnold Shulman concur. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

The majority concludes that summary judgment was improperly granted because there is evidence the hole was a concealed hazard. The plaintiff testified in her deposition that, "I believe that the way the road is curved and the way the shadows of the buildings are there, that you would not see it unless you knew that that hole was there." In other words, the plaintiff claims the combination of these two factors obscured the hole or produced an optical illusion which prevented her from seeing it.

It is undisputed that the accident occurred on a clear day be-

tween 10:00 a.m. and noon, and the plaintiff testified that she was not distracted in any way. She further testified: "I had a plain view of the area. I looked across. I saw no obstructions to go across that area; saw no holes. Saw nothing that looked unusual, went to go get the papers, and when I did, I ended up in the hole. . . . There was nothing in front of it [the hole] or behind it that would have blocked the view." Apart from her specific claims that the hole was obscured by shadows and the curve of the road, this evidence establishes that the hole was a discernible hazard and the plaintiff's ability to apprehend the dangerous condition was otherwise unimpeded. If an invitee knows of a condition or hazard, or by the exercise of ordinary care should have been aware of it, the proprietor has no legal duty to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge of the discernible hazard as the proprietor does. *Froman v. George Smith &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990); *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987); *Amear v. Hall*, 164 Ga. App. 163, 167 (296 SE2d 611) (1982); compare *Nunnelley v. Brown*, 197 Ga. App. 711 (399 SE2d 219) (1990) (despite plaintiff's claim that optical illusion obscured view, defendant granted summary judgment where plaintiff encountered steps in plain view, under clear conditions, with no distractions).

Moreover, the trial judge was authorized, as a matter of law, to conclude that the plaintiff's claims that the hole was obscured created no issue of fact on summary judgment. At her deposition the plaintiff presented testimony and evidence which contradicted her testimony that shadows and the curve of the road obscured the hole. When asked if it was her testimony that the hole was obscured by shadows at the time when the accident occurred between 10:00 a.m. and noon, the plaintiff responded: "I think the hole just basically is not easily seen. I think it has to do with the way the road and shadows and the buildings are. I don't directly recall if there were shadows at that time of day, but it is not able to be seen." At the deposition the plaintiff produced photographs of the scene taken between 5:00 p.m. and 6:00 p.m. a few days after the accident. The photographs showed apparent shadows at that time of day, and perhaps a slight crown in the road, but no discernible curvature to the road which could have possibly contributed to obscuring the hole.

Although all evidence is to be construed against the movant on summary judgment, an exception to this rule provides that the testimony of a non-moving party in her own behalf is to be construed most strongly against her when it is contradictory, vague or equivocal. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). If a reasonable explanation is subsequently offered to explain the contradiction, the testimony will not be construed against

the party giving it. Whether testimony is contradictory, and whether the party giving it has carried the burden of offering a reasonable explanation is an issue of law for the trial judge on summary judgment. Id. at 30; *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475 (359 SE2d 231) (1987).

The plaintiff contradicted her claim that shadows and the curve of the road obscured the hole when she later testified that she could not recall whether there were shadows at the time of the accident, and produced photographs of the accident scene which did not support her claim that the hole was in any way obscured by a curve in the road. See *Prophecy Corp.*, supra at 31 (witness' testimony that he could not recall contradicted his testimony that the event had occurred). Since the plaintiff offered no explanation for the contradiction, the trial judge was authorized to construe the plaintiff's testimony that the hole was obscured against her. In the absence of this claim, there is no evidence that anything obscured the hole or otherwise prevented the plaintiff from seeing it. The hole was an open and observable static condition of which an invitee exercising ordinary care would or should have had as much knowledge as the proprietor. *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986); *Harmon v. Reames*, 188 Ga. App. 812, 814 (374 SE2d 539) (1988). The trial court correctly granted summary judgment to the defendant because the facts are so plain and palpable that they demand a finding, as a matter of law, that the plaintiff failed to exercise ordinary care to avoid the hazard. *Folks, Inc. v. Dobbs*, 181 Ga. App. 311, 312 (352 SE2d 212) (1986); *Soto v. Roswell Townhomes*, 183 Ga. App. 286 (358 SE2d 670) (1987).

DECIDED JANUARY 6, 1992 —
RECONSIDERATION DENIED JANUARY 22, 1992.

*Fleming, Blanchard & Bonner, G. Larry Bonner*, for appellant.
*Allgood, Childs, Mehrhof & Millians, Richard R. Mehrhof, Jr.*, for appellee.