A91A1717. CRENSHAW v. HOGAN.
(416 SE2d 147)

Judge Arnold Shulman.

The appellant sued the appellee to recover for personal injuries she allegedly sustained when she tripped and fell outside the appellee's home. She brings this appeal from an order granting summary judgment to the appellee.

The appellant lost her footing when the heel of her shoe got caught in a what she described as a "hole" at the edge of the appel-

lee's driveway, where it adjoined a walkway leading to the front door of the house. She described this hole as being about 14 inches long, three inches wide, and less than half an inch deep. The sun was out at the time, and the appellant acknowledged that there was nothing to obscure her view of the hole.

The appellant's purpose in coming onto the premises was to engage in a social visit with appellee's nephew, who lived there with the appellee. The appellant contends that the nephew was the appellee's paying tenant and that because she (the appellant) was there as his guest, she stood in his shoes and enjoyed the status of an invitee.

Based on the photographic evidence included in the record and on the appellant's own deposition testimony, we conclude that the asserted defect which caused her to fall was so open and obvious that it could not be considered actionable even if she was an invitee. It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a "static" defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved. See *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986); *Emory University v. Duncan*, 182 Ga. App. 326 (2) (355 SE2d 446) (1987). Accordingly, we hold that appellee was properly granted summary judgment in the present case. The appellant's reliance on *Pinkney v. VMS Realty*, 189 Ga. App. 177 (375 SE2d 90) (1988), as authority for a contrary result is misplaced. The plaintiff there had fallen a distance of about a foot from one ramp of an enclosed, multi-level parking garage onto an adjacent ramp. On the basis of her testimony that the two levels appeared to blend together due to a combination of poor lighting and the absence of railings or warning markers, the court held that a fact issue existed as to whether her failure to see the ledge barred her from recovery. Whereas the accident in *Pinkney* occurred inside an enclosed structure at night, under lighting conditions which may have created an optical illusion, the accident in the present case occurred outdoors, in broad daylight; and the appellant acknowledged that there was nothing to interfere with her ability to see the asserted defect.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 27, 1992.

C. Lawrence Jewett, Jr., for appellant.
*Swift, Currie, McGhee & Hiers, Lloyd B. Hedrick, Jr.*, for appel-

lee.