A92A2398. MARLOWE v. CABE et al.
(429 SE2d 151)

POPE, Chief Judge.

Plaintiff Jacque Marlowe filed a complaint alleging she was injured when she fell because the heel of her boot became trapped in a hole in the sidewalk in front of a restaurant operated by defendant Cabe Enterprises, Inc. on property owned by defendant Thorton B. Cabe. Defendants moved for summary judgment and the trial court granted that motion. Plaintiff appeals.

The alleged defect in the sidewalk was described as triangular in shape, starting out as a crack and opening up to a hole or "mouth" at the edge of the curb approximately four or five inches wide. The record contains a photograph which plaintiff testified was taken within one week after her fall which shows that a crack, opening into a hole, had formed over a pipe which ran under the sidewalk to what appears to be a cut in the curb of the sidewalk. Defendant Cabe testified the pipe served as a spout for the gutter of the building. The photograph shows the widest part of the hole was at the curb, at the end of the pipe.

At the time of the fall, plaintiff and several members of her family were exiting the restaurant after dark after having eaten there. As to the issue of plaintiff's actual or constructive knowledge of the condition of the sidewalk, the record does not establish that plaintiff walked past the spot where she fell as she entered the restaurant. The testimony of plaintiff and several of her family members establishes that none of them noticed the hole in the sidewalk before plaintiff fell, but they did notice it afterwards and each, including plaintiff, admitted one could see the hole when looking for it or when standing over it. Plaintiff testified that because of the darkness and shadows on the sidewalk, it was necessary to stand directly over the hole and look down into it to appreciate its depth. As to the issue of defendants' actual or constructive knowledge of the condition of the side-

walk, defendant Thorton Cabe, owner of both the premises and the corporation which operated the restaurant, testified that during the week following plaintiff's fall he walked over the premises and did not see anything which was, in his opinion, a hazard to "anybody that was looking where they were going. . . ." He admitted, however, that because he was in and about the premises on almost a daily basis he probably had seen the hole before plaintiff's fall but did not think it was necessary to repair it because he did not think it was a condition that would cause an accident.

Pursuant to the facts of this case, and given the presumption in favor of the non-moving party in a motion for summary judgment, we are constrained to hold that a jury issue is presented. Defendants rely heavily upon this court's decision in *Crenshaw v. Hogan*, 203 Ga. App. 104 (416 SE2d 147) (1992). In that case, the plaintiff fell when the heel of her shoe caught in a "hole" or space about fourteen inches long and three inches wide between the edge of defendant's driveway and the adjoining walkway to the front door. At the time plaintiff fell, the sun was out and she acknowledged there was nothing to obscure her view of the hole. This court held: "Based on the photographic evidence included in the record and on the [plaintiff's] own . . . testimony, we conclude that the asserted defect which caused her to fall was so open and obvious that it could not be considered actionable. . . . It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." One issue in this case is whether defendant acted reasonably in assuming the defect, which he acknowledged he probably had seen prior to the fall, was noticeable and the risk it caused was appreciable by a visitor.

Even if the trier of fact could find defendant did not exercise ordinary care, plaintiff would nevertheless be precluded from recovering if the evidence showed, as a matter of law, that she failed to exercise ordinary care for her own safety. The exercise of ordinary care does not require an invitee to scan the ground continuously for possible defects, but depends on all the circumstances at the time and place. *Pinkney v. VMS Realty*, 189 Ga. App. 177 (375 SE2d 90) (1988). The plain view doctrine imposes a duty on an invitee "to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be. . . ." (Citations and punctuation omitted.) *Wallace v. Pointe Properties*, 202 Ga. App. 537, 538-539 (414 SE2d 678) (1992). Here, as in *Wallace*, evidence was presented that the hole which caused plaintiff's fall was not a "large object" and was not in plain view "but was obscured by a combination of factors." Id. These factors included not only

darkness and shadows but also plaintiff's testimony that the depth and width of the hole could not be discerned from the angle at which she approached it and could only be discerned when looking directly into it. Another circumstance relating to whether plaintiff exercised ordinary care in this case is her testimony that as she approached the curb, she was checking for vehicular traffic in the parking lot of the restaurant. " 'A possible confrontation with vehicular traffic on the property may be a significant "distraction" for a pedestrian-invitee on the premises.' [Cits.]" *Magee v. Federated Dept. Stores*, 187 Ga. App. 620, 621 (371 SE2d 99) (1988).

Although in *Crenshaw* we held that the hole in the pavement which allegedly caused the plaintiff's fall was open and obvious, the circumstances surrounding this case are different and require a different result. In *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395 (1) (356 SE2d 47) (1987), another case involving a fall allegedly caused by cracked and uneven pavement, we ruled that under the factual circumstances of the case, whether the plaintiff's failure to observe the defect amounted to a lack of reasonable care was a jury question. Likewise, the factual circumstances surrounding this case create a jury question concerning whether the plaintiff's failure to observe the hole in the sidewalk amounted to a lack of reasonable care.

*Judgment reversed. Carley, P. J., concurs. Johnson, J., concurs in judgment only.*

DECIDED MARCH 11, 1993.

*Davidson, Hopkins & Booth, Jack S. Davidson, Joseph H. Booth*, for appellant.

*Blasingame, Burch, Garrard & Bryant, Andrew J. Hill III, Milton F. Eisenberg II*, for appellees.

