NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



SUPREME COURT OF GEORGIA
Case No. S22G1043

September 14, 2023

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

LYNN B. GIVENS et al. v. CORAL HOSPITALITY-GA, LLC.

Upon consideration of the parties' Consent Motion to Withdraw Appeal, the motion is hereby granted.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

PINSON, J., concurring.

In this case, the Court of Appeals relied on a long line of its precedent to reject a property owner's liability for an injury on its property as a matter of law because the invitee acknowledged that had she looked down, she would have seen the raised patch of asphalt that she tripped over. Our Court granted review to address whether that line of precedent, including the decision below, has departed from certain of our holdings in *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (B) (493 SE2d 403) (1997) (holding that "an invitee's failure to exercise ordinary care is *not* established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall" (emphasis added)). Now that the parties have settled this case, it is no longer an appropriate vehicle for addressing this question. But, as I explain below, the question remains important, and I would be open to granting review again to address this question in an appropriate case.

2

Under our premises-liability statutes, an owner or occupier of land owes invitees a duty to keep the premises safe. See OCGA § 51-3-1. In actions seeking to recover for injuries caused by a proprietor's breach of this duty, the litigation often focuses on two issues: (1) whether the proprietor knew or should have known about the hazard that caused the injury, and (2) whether the invitee knew about the hazard or could have avoided it through the exercise of ordinary care for her personal safety. See *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009). The first issue has to do with the element of breach. If a proprietor didn't know about the hazard in question even having exercised the requisite degree of care to identify risks to invitees' safety on the premises, it hasn't breached its duty of care. See id. at 447 (3). The second issue includes two related defenses to liability rooted in contributory negligence. If the invitee either (a) knew about the hazard and intentionally disregarded it, or (b) could have discovered and avoided the hazard if she had exercised ordinary care for her own safety—respectively,

"voluntary negligence" or "causal negligence"—she cannot recover. Id. at 445. See also *Robinson*, 268 Ga. at 748-749.[1]

The question presented by this case involved the latter defense of causal negligence. One way a proprietor can argue that the invitee could have discovered and avoided a hazard had she exercised ordinary care is to argue that she reasonably should have known about the hazard because it was "in plain view." See *Marlowe v. Cabe*, 207 Ga. App. 764, 765 (429 SE2d 151) (1993) ("The plain view doctrine imposes a duty on an invitee 'to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be.'"); *Stenhouse v. Winn Dixie Stores, Inc.*, 147 Ga. App. 473, 474 (249 SE2d 276) (1978) (same). Proprietors often try to ground this kind of argument in evidence that nothing obstructed the invitee's view of the hazard, or

---

[1] The invitee has the burden to prove the proprietor's knowledge of the hazard as part of the plaintiff's burden to prove each element of her claim, while the proprietor has the burden to prove voluntary or causal negligence, which are affirmative defenses to liability. See *Am. Multi-Cinema*, 285 Ga. at 445.

that she would have seen it had she looked at the ground, or floor, or wherever the hazard was found. See *Marlowe*, 207 Ga. App. at 765; *Stenhouse*, 147 Ga. App. at 474.

In *Robinson v. Kroger Co.*, however, we clarified that this kind of evidence, at least by itself, does *not* give courts license to routinely decide the question whether an invitee failed to exercise ordinary care for her personal safety *as a matter of law*. 268 Ga. at 742-743 (1). After all, the question whether any given hazard was sufficiently obvious is a question whether the invitee reasonably could have seen and avoided it in the exercise of ordinary care. And in tort law, questions about reasonableness under the circumstances are quintessentially questions for the factfinder. See, e.g., *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976) ("'Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.'"). As we explained more recently in *American Multi-Cinema,* 285 Ga. at 445 (2):

5

issues such as how closely a particular retailer should monitor its premises and approaches, what retailers should know about the property's condition at any given time, how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are all questions that, in general, must be answered by juries as a matter of fact rather than by judges as a matter of law.

So, evidence that "the invitee's view was not obstructed" or that "the hazard could have been seen had the invitee looked at the ground" may well be evidence from which a jury could find that the invitee reasonably should have seen and avoided the hazard. But *Robinson* says that taken alone, this kind of evidence does not ordinarily establish an invitee's failure to exercise ordinary care as a matter of law. See *Robinson*, 268 Ga. at 742-743 (1). See also id. at 743 (1) ("Demanding as a matter of law that an invitee visually inspect each footfall requires an invitee to look continuously at the floor for defects, a task an invitee is not required to perform since the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the

6

premises.") (cleaned up). Instead, the question whether an invitee's own negligence precludes her recovery "is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 748. And unless the evidence on that question is "plain, palpable, and undisputed," that question is for the jury. Id.[2]

In rejecting this "the hazard was visible and she didn't look down" reasoning as the sole basis for denying liability as a matter of law, *Robinson* disapproved a number of Court of Appeals decisions that had applied that reasoning. See id. at 743 (1). Yet the reasoning of the decision below looks very much like those disapproved

---

[2] *Robinson* does not seem to take issue with decisions concluding that an invitee failed to exercise ordinary care as a matter of law where the hazards are "large objects in plain view," like "a 'clearly visible' pile of dirt in the road." 268 Ga. at 742 (1) (quoting *Stenhouse*, 147 Ga. App. at 474 and *Atlanta Gas Light Co. v. Brown*, 94 Ga. App. 351, 356 (94 SE2d 612) (1956)). Those decisions appear to apply the settled rule "that ordinarily questions of diligence and negligence, including proximate cause, are for the jury," but that it is "the duty of the court to determine those questions in clear, palpable, and indisputable cases." *Atlanta Gas Light Co.*, 94 Ga. App. at 354. *Robinson*'s point was that decisions concluding that a hazard was in plain view as a matter of law should be the rare exception, not the general rule.

decisions. The invitee here tripped over a small patch of raised asphalt outside of her rental cabin and sued the property owner under our premises-liability statutes. The Court of Appeals held that she could not recover as a matter of law based only on her acknowledgment that "nothing impeded her view" and "the only reason she did not see the raised asphalt was that she did not look at it." *Coral Hosp.-GA, LLC v. Givens*, 363 Ga. App. 664, 665 (871 SE2d 325) (2022). At least on its face, this reasoning seems to conflict directly with *Robinson*. See 268 Ga. at 748 (2) (B); id. at 742 (1) (criticizing "cases wherein the appellate court ruled that, as long as the invitee's view was not obstructed, a hazard, no matter its size, was in 'plain view' and recovery was precluded if the hazard could have been seen had the invitee looked at the ground").

And this decision is not a one-off: the Court of Appeals here faithfully applied a line of Court of Appeals decisions that reject liability as a matter of law for injuries caused by "static conditions" like "uneven walkway[s]" "[w]here nothing obstructs an invitee's ability to see" them, because the owner "'may safely assume that the

8

invitee will see [them] and will realize any associated risks.'" *Coral Hosp.-GA, LLC*, 363 Ga. App. at 665 (quoting *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 698-699 (839 SE2d 721) (2020)). See, e.g., *LeCroy v. Bragg*, 319 Ga. App. 884, 886 (1) (739 SE2d 1) (2013) (reversing denial of summary judgment to property owner where "potholes were open and obvious" and "nothing obstructed [the plaintiff's] ability to see" the hole she stepped in); *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 645 (722 SE2d 366) (2012) (affirming grant of summary judgment to property owner where parking lot curb was not obstructed from plaintiff's view). This line of precedent finds its roots in pre-*Robinson* Court of Appeals decisions, including one that *Robinson* singled out for using this reasoning improperly to reject liability as a matter of law. See 268 Ga. at 743 (citing *Emory Univ., Inc. v. Duncan*, 182 Ga. App. 326, 329 (2) (355 SE2d 446) (1987) ("Plaintiffs' assertion that there was nothing about the alleged defect which would have drawn Ms. Duncan's attention to it cannot avail, for it does not appear that she ever looked down. It was incumbent upon her, as a matter of law, to

use her eyesight for the purpose of discovering any discernible obstruction or defect in her path.") (cleaned up)). See also *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147) (1992) (citing *Emory Univ.*, 182 Ga. App. 326; *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986)) (noting that "it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved"); *Freyer v. Silver*, 227 Ga. App. 253, 256 (488 SE2d 728) (1997) (same), cert. granted, judgment vacated, and case remanded in light of *Robinson* (Jan. 5, 1998).[3]

The proprietor here points out that this case involves a so-called "static condition" rather than the "transient foreign substance" that caused the injury in *Robinson*. But several of the decisions *Robinson* disapproved also involved static conditions. See *Robinson*, 268 Ga. at 742-743 (criticizing *Papera v. TOC Retail*, 218

---

[3] See *Freyer v. Silver*, 234 Ga. App. 243, 245 (507 SE2d 7) (1998) (explaining history of case).

10

Ga. App. 777 (463 SE2d 61) (1995) (involving a hole in parking lot pavement); *Steele v. Rosehaven Chapel*, 223 Ga. App. 523 (478 SE2d 596) (1996) (involving a step with no marking or handrail at exit of funeral home); *Wiley v. Family Dollar Store*, 208 Ga. App. 461 (430 SE2d 839) (1993) (involving a 1-inch gap between asphalt ramp and sidewalk); *Emory Univ.*, 182 Ga. App. at 326 (involving a 1-inch rise in concrete)). And neither *Robinson* nor any other decision of ours appears to limit *Robinson*'s holdings to cases involving "transient substances." In fact, in other decisions, the Court of Appeals has applied *Robinson* in cases involving static conditions and rejected the reasoning of the line of precedent that the Court of Appeals applied here. See, e.g., *Rozy Invs., Inc. v. Bristow*, 276 Ga. App. 278, 282-283 (4) (623 SE2d 171) (2005); *Aggeles v. Theater of the Stars, Inc.*, 235 Ga. App. 57, 58-59 (507 SE2d 856) (1998); *Freyer v. Silver*, 234 Ga. App. 243, 246-247 (3) (507 SE2d 7) (1998). This is not to say that the difference between transient and static hazards could not be meaningful depending on the circumstances of a given case—for example, evidence that an invitee had "successfully traversed" a

static condition on prior occasions could be strong (if not dispositive) evidence that the invitee knew about the hazard and intentionally disregarded it, or could have avoided it had she exercised ordinary care. See *Nemeth v. RREEF Am., L.L.C.*, 283 Ga. App. 795, 798 (1) (643 SE2d 283) (2007). But the notion that *Robinson*'s clear holding simply does not apply in cases involving static conditions does not seem to hold water.

*

In sum, the decision below adds to a line of Court of Appeals decisions that appears to conflict with our own precedent and other decisions of the Court of Appeals, and this conflict concerns a legal issue that recurs with great frequency. Addressing this kind of inconsistency in our law and clearing it up is just the kind of thing our certiorari review is meant for. This case is no longer an appropriate vehicle for that review now that the parties have settled it. But the inconsistency in our law remains, so I am open to granting review again to address these issues in an appropriate case.

I am authorized to state that Presiding Justice Peterson joins in this concurrence.