A90A1265. BULLMAN v. TENNECO OIL COMPANY et al.
(398 SE2d 311)

SOGNIER, Judge.

Patricia Brady Bullman and her husband, Douglas Lynn Bullman, brought suit against Tenneco Oil Company and its employee Joel Edward Smith (collectively "Tenneco"), Barbara Templin, Re-

becca Stewart, and Southern College and its employee Laura Sommer (collectively "Sommer") seeking damages incurred as the result of an automobile accident on Interstate 285. The defendants answered, and Templin filed a counterclaim against Douglas Bullman for contribution. The case was tried before a jury, which awarded Patricia Bullman $400,000 and Douglas Bullman $0. The jury found in favor of Stewart against the Bullmans, and in favor of Templin on her counterclaim against Douglas Bullman. Because the Bullmans had previously settled their claims against Sommer for $7,000, the trial court wrote off that amount from the jury's verdict, entering judgment in favor of Patricia Bullman for $393,000 against Tenneco and Templin jointly and severally. The trial court denied Patricia Bullman's motion for prejudgment interest on the judgment against Tenneco and Templin pursuant to OCGA § 51-12-14, and she appeals.

OCGA § 51-12-14 (a) provides that "[w]here a claimant has given written notice by registered or certified mail to a person against whom claim is made for unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed." The record reveals that in September 1986, approximately one year after the complaint was filed, appellant and her husband jointly sent separate letters by certified mail to each party sued with an offer to settle their claims against that party. The letters to Tenneco, Templin, and Sommer demanded $300,000 from each; the amount demanded to settle with Stewart was $100,000.

Appellant contends the trial court erred by denying her motion for prejudgment interest on the award against appellees because she has complied with the requirements of OCGA § 51-12-14 (a), and the verdict returned against appellees was for an amount "not less than the sum claimed" in her demand letters. Appellant argues that because the total judgment she was awarded exceeded the sum claimed in her separate demand upon each defendant, she is entitled to prejudgment interest. We do not agree.

Although "the law in this state encourages the resolution in one action of all claims arising from a single occurrence or transaction, [cits.]," *Grissett v. Wilson*, 181 Ga. App. 727, 729 (1) (353 SE2d 621) (1987), each letter sent by appellant offered to "settle [her] claims by covenant not to sue in favor of [the letter's recipient], thus terminating the action as to [that particular party]." It is apparent from the demand letters that if any recipient had paid the sum demanded in the letter it received, that payment would not have ended the entire litigation, which would have continued against the other defendants until the total of the sums demanded from all was paid. Thus, the

aggregate sum claimed by appellant from all the defendants — the "sum claimed" — in this case was $1,000,000 rather than $300,000 as urged by appellant.

Further, although appellant correctly notes that the judgment against appellees was joint *and several*, thus entitling her to collect the entire amount from either party, should appellant in fact satisfy her judgment completely by collecting it from one appellee, she would then be entitled to collect nothing from the other. Since the party paying the full judgment under those circumstances would then be entitled to pro rata contribution from the other judgment debtors, *Waddey v. Davis*, 149 Ga. App. 308, 312 (254 SE2d 465) (1979), in the instant case each appellee ultimately is liable only for a pro rata share of the $393,000, or $196,500.

Appellant's contention depends upon her incongruent treatment of the terms "judgment" and "sum claimed" in the applicable statute. While arguing that the "sum claimed" in her case is that amount demanded from *each party* rather than the aggregate amount sought from all the defendants, appellant defines the judgment as the *total amount* awarded her. "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. [Cit.]" *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). If OCGA § 51-12-14 (a) is to be read fairly and according to its most natural and obvious import, the terms "judgment" and "sum claimed" must be treated congruently. If the terms are treated in like fashion, it becomes apparent that the circumstances present here do not satisfy the requirements of OCGA § 51-12-14 (a). Construing both terms as referring to an aggregate amount, the judgment appellant received for $393,000 was less than either the aggregate sum claimed from all parties sued ($1,000,000) or the aggregate sum claimed from appellees only ($600,000). Similarly, if both terms are construed as referring to amounts from the individual defendants, each appellee's pro rata share of the judgment is $196,500, which is less than $300,000, the sum claimed from either appellee.

Construing the statute's terms in either fashion, we must conclude that appellant was not entitled to prejudgment interest under the statute, and the trial court did not err by denying appellant's motion.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 29, 1990.

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., C.*

*Frederick Overby, Peter J. Daugherty, Tucker & Hollberg, John P. Tucker, Jr.*, for appellant.

*Haas, Bridges & Kane, Alvin L. Bridges, Freeman & Hawkins, Howell Hollis III, Michael E. Hutchins*, for appellees.