A92A1036. RESTINA v. CRAWFORD.
(424 SE2d 79)

COOPER, Judge.
In a negligence action brought by appellant against appellee the

jury returned a verdict in favor of appellant for $75,000. Appellant moved the court for an order determining whether appellant was entitled to interest on the verdict pursuant to OCGA § 51-12-14. Following a hearing, the trial judge entered an order ruling that appellant was not entitled to interest and this appeal followed.

The trial judge found that pursuant to an agreement made before trial, appellant was entitled to a setoff of the verdict in the amount of $1,000 for medical payments paid by appellee to appellant; that appellant made a settlement demand on appellee for $75,000; that appellant's demand complied with the notice requirements of the Unliquidated Damages Interest Act, OCGA § 51-12-14; and that the total judgment to be paid by appellee is $74,030, which included $30 filing costs. OCGA § 51-12-14 (a) provides that where the claimant gives the requisite notice of a settlement demand, "the claimant shall be entitled to receive interest on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded." Subsection (d) of § 51-12-14 provides that "[i]nterest shall be made a part of the judgment upon presentation of evidence to the satisfaction of the court that this Code section has been complied with and that the verdict of the jury . . . is equal to or exceeds the amount claimed in the notice." Appellant contends that he is entitled to interest because he complied with the notice requirements and the jury returned a verdict equal to his settlement demand. Appellee maintains that the trial court correctly denied appellant's request for interest because the amount of the judgment entered on the verdict was in an amount less than the amount of appellant's settlement demand. Since the amount of the judgment entered in this case was less than the amount of the jury verdict, a conflict arises because subsection (a) refers to the "amount of the judgment" and subsection (d) refers to the "amount of the verdict." Appellant argues that the legislature intended to use the word "verdict" instead of "judgment" in subsection (a), and appellee asserts that the legislature intended for the judgment to be the operative amount and that the word "verdict" should be construed to mean "corrected verdict" or the judgment which is entered after the appropriate setoffs.

"It is elementary that '(i)n all interpretations of statutes, the courts shall look diligently for the intention of the [legislature].' OCGA § 1-3-1." *Roman v. Terrell*, 195 Ga. App. 219, 221 (3) (393 SE2d 83) (1990). The legislative intent is determined from a consideration of the entire statute. " 'The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole. . . . Where there is an apparent conflict between different sections of the same statute, the duty of a court is to reconcile them, if possible, so as to make them consistent

and harmonious with one another. . . . If they cannot be so reconciled the one which best conforms to the legislative intent must stand. . . .' [Cit.]" *Board of Trustees v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980). "The Unliquidated Damages [Interest] Act makes available to an injured party a coercive tool to offset injury and financial loss by encouraging a tortfeasor to make amends for his injurious conduct by making immediate payment short of litigation. If the tortfeasor does not take advantage of the opportunity to make his victim whole, the statute imposes a penalty, in effect, by authorizing the victim of the tort to collect damages in the form of interest from the time of the injury until the time the unliquidated damages become certain by verdict of the jury. As we view the intent of the statute, that award of interest from the time of injury to the date of judgment fulfills the purpose of the statute." *Williams v. Runion*, 173 Ga. App. 54, 60 (5) (325 SE2d 441) (1984).

Based on legislative intent, we conclude that where a judgment is less than the verdict due to setoffs for payments already received by victims from tortfeasors, OCGA § 51-12-14 should be construed to entitle a plaintiff to interest only if the amount of the post-setoff judgment is equal to or exceeds the amount of the settlement demand. Although we have found no cases directly on point, this conclusion is supported by *Bullman v. Tenneco Oil Co.*, 197 Ga. App. 408 (398 SE2d 311) (1990). In *Bullman*, the jury's verdict of $400,000 was offset by a $7,000 settlement with one of the defendants prior to trial, and a judgment was entered in favor of plaintiff for $393,000. This court, in determining whether plaintiff was entitled to interest because the amount of the judgment exceeded her individual settlement demands against the various defendants, considered the amount of the judgment rather than the pre-setoff verdict to be the operative amount. This case illustrates that this court has considered the amount of the judgment to be the operative amount in determining whether interest should be allowed. Consequently, we find no error in the trial court's ruling that appellant was not entitled to interest pursuant to OCGA § 51-12-14.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 22, 1992.

*Kirkland & Street, Anthony Kirkland*, for appellant.
*Irwin, Bladen, Baker & Russell, Jennie E. Rogers*, for appellee.