A93A0332. WILEY v. FAMILY DOLLAR STORE OF SWAINSBORO, GEORGIA, INC.
(430 SE2d 839)

McMURRAY, Presiding Judge.

Emma N. Wiley filed a personal injury action against Family Dollar Store of Swainsboro, Georgia, Inc. ("Family Dollar") and Family Dollar's landlord, James B. Mason, alleging that she "fell outside the entrance to [Family Dollar's retail establishment] in an area where the sidewalk and pavement were uneven and maintained in a

dangerous condition." Family Dollar denied the material allegations of the complaint and filed a motion for summary judgment.

Early in the afternoon on November 17, 1990, Emma Wiley parked outside Family Dollar's retail establishment in Swainsboro, Georgia, walked up an asphalt ramp and across a concrete sidewalk and entered the store's only public entrance. She later exited the store, carrying a purse and "bags" of merchandise. She then stopped on the concrete sidewalk just outside the store entrance, scanned the parking lot for traffic and, after observing no traffic danger, directed her "attention [to] getting to [her] car and walking." After two steps, Ms. Wiley lost her balance and fell on the asphalt ramp leading to the store's public entrance.

After the fall, Ms. Wiley observed a gap or seam (about one inch in width) between the asphalt ramp and the concrete sidewalk and concluded that she fell after tripping on this "crack." Ms. Wiley "looked where [she] was stepping, but . . . didn't see no crack [before the fall]."

The trial court granted Family Dollar's motion for summary judgment. This appeal followed. *Held*:

"It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved. See *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986); *Emory University v. Duncan*, 182 Ga. App. 326 (2) (355 SE2d 446) (1987)." *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147). In the case sub judice, it is undisputed that the "crack" which allegedly caused Ms. Wiley's fall was in plain view on the day of the fall and that it was then about one inch in width, i.e., just wide enough for "a cigarette butt [to] go in between [the asphalt and the concrete]." It is also undisputed that Ms. Wiley visited Family Dollar's store between 700 and 800 times before the fall (successfully traversing the outside ramp from 1,400 and 1,600 times) and that she successfully negotiated the seam which allegedly caused her fall shortly before the fall. " 'When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. (Cits.)' *Rossano v. Am. Legion Post No. 29*, 189 Ga. App. 610, 612 (376 SE2d 698) (1988)." *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379).

Ms. Wiley argues that she did not see the "crack" which allegedly caused her fall because she was distracted by vehicular traffic in the parking lot outside Family Dollar's store. " 'The distraction theory may apply even when the injured party has prior actual knowledge of

the existence of a defective condition. (Cits.) A possible confrontation with vehicular traffic on the property may be a significant "distraction" for a pedestrian-invitee on the premises.' *Shackelford v. DeKalb Farmers' Market*, 180 Ga. App. 348, 351 (349 SE2d 241) (1986). See also *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395 (1) (356 SE2d 47) (1987)." *Magee v. Federated Dept. Stores*, 187 Ga. App. 620, 621 (371 SE2d 99).

In the case sub judice, Ms. Wiley testified in a deposition that she observed no danger from traffic immediately before the fall and that her attention was then directed exclusively to "getting to [her] car and walking." This testimony refutes any claim that Ms. Wiley was distracted by concerns over traffic hazards immediately before the fall. Consequently, we cannot say the trial court erred in granting Family Dollar's motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 12, 1993.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellant.

*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, Mark C. Wilby, Rountree, Cadle & McNeely, Jerry N. Cadle*, for appellee.