A95A2405. WALL et al. v. STEAK & ALE OF GEORGIA, INC. et al.
(469 SE2d 879)

ANDREWS, Judge.

While walking through a parking lot to get to her car, Wall stepped in a stream of liquid flowing through the lot from a dumpster behind an adjacent Steak & Ale restaurant and slipped and fell. Wall and her husband, who brought a loss of consortium claim, sued the proprietor of the parking lot and Steak & Ale for injuries she sustained in the fall claiming the stream was a dangerous condition caused by the defendants' combined negligence. This appeal is from the trial court's order granting Steak & Ale's motion for summary judgment.

Wall described the stream of liquid running continuously through the parking lot as being a foot wide and having a "transparent white" appearance. She conceded it was clearly visible. In granting summary judgment in favor of Steak & Ale, the trial judge found "that by failing to notice a visible stream of liquid during daylight hours, Plaintiff was not exercising her duty to use ordinary care for her own safety." The trial court rejected Wall's claim that she did not see the clearly visible hazard because she was distracted at the time by vehicular traffic in the parking lot. The trial court correctly granted summary judgment in this case because: (1) the foot-wide stream of white colored liquid in which Wall slipped and fell was clearly visible and (2) Wall's deposition testimony indicates that the vehicular traffic in the parking lot which distracted her attention had already passed when she encountered the hazard.

Wall had a duty to exercise ordinary care to discover and avoid the plainly visible hazard in her path as she walked to her car in the parking lot. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In the absence of any legally recognizable excuse for failing to do so, she is barred from recovery, as a matter of law. *Vermont American Corp. v. Day*, 217 Ga. App. 65, 66-67 (456 SE2d 618) (1995); *Alterman Foods*, supra. Here, the only excuse offered by Wall for not seeing and avoiding the plainly visible hazard was that she was distracted by two cars moving in the parking lot.

Wall deposed that, prior to her fall, she was walking to her car down one side of an aisle in the parking lot and that, when she walked across the aisle, she slipped and fell in the stream of liquid near the center of the aisle.

"Q: [A]s you're walking down this aisle, or this area here where cars would be coming in and out of the parking lot, have cars parked on both sides, and you're walking down in the area where the cars are generally passing were you not walking in the stream of the sludge before the point where you fell?

"A: No, sir . . . I believe I was walking to the left of it the entire way, because as I said, I don't walk in the center because the cars just come so I was walking to the left.

"Q: So does that mean at the point where you fell you started to go a little bit to the right or to the center where you travel?

"A: Yeah, I had to cross over this way to get to my car, so walking along to avoid automobiles is just something that — you either choose the left or right side that you walk on. I chose to walk on the left side. And as I was crossing over it to get to my car, I slipped and fell."

When asked if she was distracted by anything at the time of her fall, Wall deposed as follows:

"Q: Did you see the substance that you fell on before you fell?

"A: No. I would have avoided it if I had.

"Q: Was there anything else that you were looking at as you were walking back to your car?

"A: No, just the cars pulling in and out of the lot.

"Q: Was there any particular distraction or anything that caught your attention as you were walking?

"A: Just a car passing by each direction, which is pretty standard, it's a very busy lot . . .

"Q: Was there a car that was moving through the parking lot, say, in the 15 seconds before you fell?

"A: I can't say 15 seconds, but within the time limit there were two cars that had just passed.

"Q: Within what time limit? Within 15 seconds?

"A: From the point that I entered through the gate [of the parking lot], to the point when I slipped and fell, two cars had passed me. I can't say the time limit, ma'am.

"Q: Okay. Can you estimate the time between your noticing one of the cars, and the time that you fell?

"A: The car had passed me.

"Q: Do you know how long after the car passed you that you fell?

"A: A few steps . . .

"Q: You had mentioned that there were two cars that were moving about the parking lot at this time, where was the other car?

"A: The other car passed me when I initially walked in . . .

"Q: So would it be fair to say that the first car passed you before you ever entered the traffic lane [where you fell]?

"A: Yes, ma'am."

Although Wall stated in general that she had to watch for cars entering and leaving the parking lot, she testified that the only distractions were the two cars moving in the parking lot. The first car passed her before she entered the aisle where she fell. After the second car passed by, she took a few more steps before she slipped and fell. Wall's testimony shows that, although she had been distracted by two cars that passed by before she crossed the aisle and stepped in the stream of liquid, there was no traffic distracting her immediately before she fell.

We addressed a similar distraction claim in *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461, 462-463 (430 SE2d 839) (1993). There, Wiley claimed "she did not see the 'crack' which allegedly caused her fall because she was distracted by vehicular traffic in the parking lot outside Family Dollar's store." Id. at 462. We recognized the rule that, under some circumstances, "[a] possible confrontation with vehicular traffic on the property may be a significant 'distraction' for a pedestrian-invitee on the premises." (Citations and punctuation omitted.) Id. at 463. We concluded, however, that Wiley's depo-

sition testimony showing "that she observed no danger from traffic immediately before the fall and that her attention was then directed exclusively to 'getting to (her) car and walking,' . . . refute[d] any claim that [she] was distracted by concerns over traffic hazards immediately before the fall." Id.

In the present case, Wall's deposition testimony clearly shows that any distractions were caused by the two cars which had passed by and that, immediately before she fell, she was simply walking toward her car when she stepped in the plainly visible hazard. Under these circumstances, the trial court correctly concluded that there was no distraction and that Wall was barred from recovery for failing to exercise ordinary care for her own safety.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson and Smith, JJ., concur. McMurray, P. J., Blackburn and Ruffin, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

The issue in the present case is whether there are any circumstances which excuse Joanne Wall's failure to see the stream of liquid before stepping in it. She testified as to being distracted by passing cars shortly before her fall. A possible confrontation with vehicular traffic on the property may be a significant distraction. *Magee v. Federated Dept. Stores,* 187 Ga. App. 620, 621 (371 SE2d 99). The majority holds this principle to be inapplicable simply because the cars moving in Joanne Wall's immediate vicinity had already passed by her. Joanne Wall was walking along a narrow passage between parked cars which pedestrians shared with motor vehicles. Moments before her fall, a car had passed within three or four feet of her. The actual danger of physical harm from the car may have passed with it, but the distraction caused by the close passage of a vehicle does not end instantaneously with the passing. Here, the interval between the passage of the car and the fall was only a few seconds. A jury should be allowed to determine whether the recent passage of the car and resulting concern for the passage of others amounted to such a distraction as will excuse Joanne Wall's failure to see the stream before her fall. Compare *Wiley v. Family Dollar Store &c.,* 208 Ga. App. 461, 463 (430 SE2d 839). See also the two-judge case of *Marlowe v. Cabe,* 207 Ga. App. 764, 766 (429 SE2d 151).

I am authorized to state that Judge Blackburn and Judge Ruffin join in this dissent.

Decided March 15, 1996.

*Fitzgerald & Schultz, John K. Fitzgerald,* for appellants.

*Smith, Gambrell & Russell, Dana M. Richens,* for appellees.