A99A1136. ZACK'S PROPERTIES, INC. v. GAFFORD et al.
(526 SE2d 80)

PHIPPS, Judge.

William Gafford and his wife brought this action against Zack's Properties, Inc. to recover damages for personal injuries and loss of consortium. Zack's appeals judgment on a jury verdict in the Gaffords' favor. Zack's complains of (1) the trial court's denial of its motion for directed verdict, (2) the court's overruling of its objection to medical bills not authenticated by medical testimony, and (3) the court's failure to give various requested jury instructions. We find no reversible error and affirm.

On the afternoon of May 18, 1993, Gafford went grocery shopping at Zack's Big Buy in McDonough. He had shopped there twice a week for 25 years and always parked in a space close to the entrance because he walks with a cane due to a childhood handicap. On May 18, Gafford parked in a more distant parking space because the parking lot was full. He negotiated his way into the store without incident.

He exited the store pushing a cart and took the same route through the parking lot he had used to enter the store. As he walked through the parking lot, the front wheel of the cart hit a pothole, causing both the cart and Gafford to topple to the ground. Gafford testified that he had not seen the pothole when he was entering the store on May 18 or on any prior visit to the store. And he explained that he did not notice the hole as he was exiting the store, because his grocery cart was filled with bags and he was attempting to monitor "pretty heavy" traffic in the parking lot. The pothole was located directly in a lane through which a great deal of traffic from an adjacent street enters the parking lot. The circumference of the hole was approximately three and one-half feet and the depth about three to four inches.

The supermarket manager acknowledged awareness of the pothole and failure to repair it or provide barricades or warnings. He testified that there had been no prior complaints or incidents con-

cerning the hole, although it had been there for a long time.

Gafford testified that he experienced excruciating hip pain immediately after his fall. He was helped into his car by a bystander and managed to drive himself home. An ambulance was summoned, and Gafford was transported to an Atlanta hospital that afternoon. He was examined by Dr. McMahan, an orthopedic surgeon. The following morning, Dr. McMahan performed surgery to repair Gafford's hip, which had been broken by the fall. Gafford remained bedridden in the hospital for about a week. After leaving the hospital, he went to an elderly care facility, Newton House, for eight days because he was still virtually bedridden and his wife was unable to care for him. Gafford received doctor-prescribed physical therapy at Newton House and later at his home.

The jury returned a general verdict awarding Gafford $27,000 for medical and related expenses and $163,000 for pain and suffering. His wife was awarded $10,000 for loss of consortium.

1. Zack's first contends that it was entitled to a directed verdict because the pothole was an open and obvious condition which Gafford was not distracted from seeing, and he had failed to exercise ordinary care for his own safety.

Gafford testified that he did not see the hole at any time before the incident in question. We cannot say, after reviewing the record, that the hole would have been open and obvious to him when he visited the store on prior occasions or when he entered the store on the day in question.[1] Nor can we say "plainly, palpably, and indisputably" that the hole should have been obvious to him as he traversed the parking lot after exiting the store.[2] We do not overlook the fact that

> it is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a "static" defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.[3]

But "[a] possible confrontation with vehicular traffic on the property may be a significant distraction for a pedestrian-invitee on the premises."[4] Moreover, a shopper pushing a cart of groceries does not have

---

[1] Compare *Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496 (458 SE2d 138) (1995); *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461 (430 SE2d 839) (1993).

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 743 (1) (493 SE2d 403) (1997).

[3] *Anderson v. Turton Dev.*, 225 Ga. App. 270, 272 (1) (483 SE2d 597) (1997).

[4] (Citations and punctuation omitted.) *Marlowe v. Cabe*, 207 Ga. App. 764, 766 (429 SE2d 151) (1993) (physical precedent only); see, e.g., *Wiley v. Family Dollar Store*, supra;

as unobstructed a view of the ground as other pedestrians.[5] Whether Gafford's failure to observe the defect amounted to a lack of reasonable care was a jury question.

2. Zack's next contends that the court erred in admitting bills for rehabilitation and physical therapy services in evidence without a proper foundation.

Plaintiffs introduced billing statements totaling $5,447.61 in charges for a semi-private room, pharmaceuticals, medical supplies, and physical therapy from Newton House and $920 in nursing fees for ten physical therapy sessions at Gafford's home during the three months following Gafford's fall. The trial court admitted these bills over the defense's objection that Gafford was not competent to identify them or to render a medical opinion that the services were related to his injury.

*Taylor v. Associated Cab Co.*[6] held that bills from two doctors were inadmissible where the doctors did not testify and the only medical testimony presented by the plaintiff tended to negate a finding that the medical expenses were related to the injury involved in the litigation. *Taylor* concluded that an adequate foundation was not laid for the hearsay documents.

In response to *Taylor*, the legislature enacted OCGA § 24-7-9.[7] In personal injury actions, this statute declares the plaintiff and other specified lay witnesses competent to identify bills for expenses incurred in treatment of the subject injury, and to prove that the charges were reasonable and necessary, where the bills were received from various specified health care providers (e.g., a hospital, pharmacy, licensed practicing physician).

But *Piggly-Wiggly Southern v. Tucker*[8] held that OCGA § 24-7-9 "was not intended as the sole means of proving medical damages in personal injury suits." *Tucker* authorized admission of evidence of charges for nurses' services where a foundation was laid through a lay witness who authenticated the checks given in payment of bills for the services, and where there was other evidence showing the serious nature of the plaintiff's injuries, the character of the services rendered, and the time spent in the hospital.[9]

Under *Tucker*, Gafford was competent to identify the bills at issue. And his testimony authorized the jury to find that his conva-

---

*Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239 (396 SE2d 42) (1990).
    [5] Cf. *Anderson v. Turton Dev.*, supra.
    [6] 110 Ga. App. 616, 619 (2) (139 SE2d 519) (1964).
    [7] See *Ga. Farm &c. Ins. Co. v. Middleton*, 171 Ga. App. 454, 455 (2) (319 SE2d 909) (1984); *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470, 471-472 (1) (193 SE2d 860) (1972).
    [8] 139 Ga. App. 873, 876 (4) (229 SE2d 804) (1976).
    [9] Compare *Glover v. Southern Bell Tel. &c. Co.*, 132 Ga. App. 74, 75 (1) (207 SE2d 584) (1974).

lescence in the elderly care facility and the physical therapy sessions ordered by his doctor were necessitated by injuries caused by his fall. The court did not err in admitting the bills in evidence.

3. Finally, Zack's charges the court with error in not giving its requested jury charges on various rules applicable in trip and fall actions.

Because the jury instructions given by the court embodied substantially the same principles as those in the defense's requested instructions, we find no error.[10]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 22, 1999.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Patricia M. Peters*, for appellant.

*Smith, Welch, Studdard & Brittain, Benjamin W. Studdard III, E. Gilmore Maxwell*, for appellees.

---

[10] *Keaton v. State*, 169 Ga. App. 527, 529 (3) (313 SE2d 721) (1984), rev'd on other grounds, 253 Ga. 70 (316 SE2d 452) (1984).