A02A1162. KNIPHFER et al. v. MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC. et al.
(570 SE2d 16)

BLACKBURN, Chief Judge.

In this medical malpractice action, Krenson Edward Kniphfer and Jennifer Harry Kniphfer appeal, contending that, because the damages awarded by the jury exceeded the damages requested in settlement demand letters sent to the defendants pursuant to OCGA § 51-12-14 (b), the trial court erred by denying a request for prejudgment interest. For the reasons set forth below, we reverse.

The record shows that, on January 29, 2001, Krenson Kniphfer and Jennifer Kniphfer filed suit against Memorial Health University Medical Center, Inc. for medical malpractice and loss of consortium, respectively. On May 24, 2001, the Kniphfers sent a settlement demand for $6,000,000 to Memorial pursuant to OCGA § 51-12-14. On June 20, 2001, the Kniphfers filed a motion to add MPPG, Inc., a wholly owned subsidiary of Memorial, as a party defendant. The Kniphfers filed this motion after they learned through discovery and investigation that MPPG was directly responsible for the actions of the surgeon who treated Mr. Kniphfer. Memorial had not been forthcoming with this information. Then, on July 12, 2001, the Kniphfers sent a settlement demand to MPPG which was identical to the ear-

lier one sent to Memorial. Neither Memorial nor MPPG, who shared the same attorney, responded to these settlement demands.

A pretrial conference was held on October 24, 2001. The defendants admitted liability for the first time at the pretrial conference. The consolidated pretrial order provides: "Defendants admit defendant MPPG, Inc. is liable to plaintiffs as the employer of Frank Davis, M.D. and defendant Memorial Health University Medical Center, Inc. is liable to [p]laintiffs under the theory of ostensible or apparent agency of Frank Davis, M.D."

The Kniphfers raised settlement discussions again at the pretrial conference. In its order denying prejudgment interest, the trial court described these negotiations as follows:

> The brief settlement discussions which took place during the pretrial conference on October 24, 2001, centered on a single demand for the payment of six million dollars ($6,000,000.00) as to both Defendants. None of the parties appearing before the Court on that date made any reference to a twelve million dollar ($12,000,000.00) demand. During those discussions, it was clear that all parties were working from a demand of six million dollars to resolve all claims as to all parties.

The settlement discussions were unsuccessful. Following a trial to determine damages only, a jury awarded the Kniphfers $6,250,000 ($5,250,000 to Mr. Kniphfer for malpractice and $1,000,000 to Mrs. Kniphfer for loss of consortium). At the conclusion of the trial, the Kniphfers requested prejudgment interest, which the trial court denied. The Kniphfers now appeal this ruling.

OCGA § 51-12-14 provides, in relevant part:

> (a) Where a claimant has given written notice by registered or certified mail or statutory overnight delivery to a person against whom claim is made of a demand for an amount of unliquidated damages in a tort action and the person against whom such claim is made fails to pay such amount within 30 days from the mailing of the notice, the claimant shall be entitled to receive interest on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded. . . . (b) Any written notice referred to in subsection (a) of this Code section may be given on only one occasion and shall specify that it is being given pursuant to this Code section.

This statutory provision was enacted to encourage parties to settle matters similar to the one now before us.

> The Unliquidated Damages [Interest] Act makes available to an injured party a coercive tool to offset injury and financial loss by encouraging a tortfeasor to make amends for his injurious conduct by making immediate payment short of litigation. If the tortfeasor does not take advantage of the opportunity to make his victim whole, the statute imposes a penalty, in effect, by authorizing the victim of the tort to collect damages in the form of interest from the time of the injury until the time the unliquidated damages become certain by verdict of the jury. As we view the intent of the statute, that award of interest from the time of injury to the date of judgment fulfills the purpose of the statute.

*Williams v. Runion.*[1]
The Kniphfers properly triggered the prejudgment interest provisions of OCGA § 51-12-14. On May 24, 2001, they conveyed a settlement demand to Memorial, which was the only defendant known to the Kniphfers at the time because Memorial neither admitted liability nor identified MPPG as Dr. Davis' employer. Subsequently, after learning about MPPG's involvement through their own investigation, the Kniphfers repeated their settlement demand. The record makes it clear that, at all times, the Kniphfers were making a single demand for $6,000,000 for their injuries from either Memorial or MPPG. The only reason the Kniphfers ultimately had to send two demand letters was that Memorial and MPPG did not immediately admit their relationship with Dr. Davis.

The defendants argue that the trial court appropriately denied prejudgment interest because the two settlement demand letters sent by the Kniphfers made no reference to each other, and, pursuant to *Bullman v. Tenneco Oil Co.*,[2] the two letters must be construed as demanding $6,000,000 from each defendant (a total demand of $12,000,000). The defendants further argue that, as such, prejudgment interest should not be allowed because the amount of damages demanded in the aggregate exceeded the amount awarded by the jury. We do not agree.

*Bullman* is distinguishable from the matter at hand. In *Bullman*, the plaintiff conveyed settlement demands to four completely

---

[1] *Williams v. Runion*, 173 Ga. App. 54, 60 (5) (325 SE2d 441) (1984).
[2] *Bullman v. Tenneco Oil Co.*, 197 Ga. App. 408, 410 (398 SE2d 311) (1990).

separate defendants, and the same amount was not demanded of all four. We ruled:

> Although the law in this state encourages the resolution in one action of all claims arising from a single occurrence or transaction, each letter sent by appellant offered to settle her claims by covenant not to sue in favor of the letter's recipient, thus terminating the action as to that particular party. It is apparent from the demand letters that if any recipient had paid the sum demanded in the letter it received, that payment would not have ended the entire litigation, which would have continued against the other defendants until the total of the sums demanded from all was paid.

(Citations and punctuation omitted.) Id. at 409.

Unlike *Bullman*, all of the evidence in this case indicates that payment of the requested settlement amount by either party would have ended the litigation against both. Therefore, in this case, the Kniphfers are entitled to an award of prejudgment interest.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 26, 2002 —
RECONSIDERATION DENIED AUGUST 7, 2002 — 

*Thomas W. Malone, Rosser A. Malone*, for appellants.
*Brennan & Wasden, Joseph P. Brennan, Mark H. Glidewell, Hunter, Maclean, Exley & Dunn, Christopher W. Phillips*, for appellees.

