A02A1578. WHITE v. JENSEN.
A02A1579. WHITE v. FLOYD.
(571 SE2d 544)

POPE, Senior Appellate Judge.

Plaintiffs/appellees June Jensen and Tonya Floyd each filed complaints against defendants Kerry White and David Holcombe, jointly and severally, seeking to recover damages for injuries they allegedly received when the car in which they were riding overturned. The cases were tried together, and the jury returned a verdict for Jensen against both defendants in the amount of $50,793 and for Floyd against both defendants in the amount of $43,288. Jensen subsequently moved to amend the final judgment to include an award of pre-judgment interest. The trial court amended the judgment and awarded $15,649.31 against defendant White as unliquidated damages pursuant to OCGA § 51-12-14. White now appeals the judgment and amended judgment for Jensen, and that appeal has been docketed in this Court as Case No. A02A1578. White also appeals the judgment for Floyd, and that appeal has been docketed in this Court as Case No. A02A1579.

*Case No. A02A1578*

1. White first contends that the trial court should have granted the defendants' motion for directed verdict on Jensen's claim for future medical expenses because the only evidence of the amount of those expenses was the treating orthopedic surgeon's "guess" as to how much a future surgical procedure to repair Jensen's knee would cost. As pertinent to this issue, the transcript shows the doctor testified as follows: "I'm pretty much guessing. With the total surgical charge and a facility fee from the hospital, probably between five and seven thousand dollars total . . . with anesthesia included." We find this testimony, which listed the specific costs included in the figure given, was sufficient to authorize an award for future medical expenses. *Food Lion v. Williams*, 219 Ga. App. 352, 355 (2) (464 SE2d 913) (1995); see also *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96, 102-103 (3) (504 SE2d 1) (1998).

2. White also contends that the trial court erred by amending the judgment to award pre-judgment interest because the aggregate sum Jensen demanded in her settlement letters was greater than the judgment entered on the jury's verdict. The record shows that prior to trial Jensen sent separate settlement demand letters to each defendant pursuant to OCGA § 51-12-14, the Unliquidated Damages Interest Act. The settlement amount demanded against White was $40,000; the amount demanded against Holcombe was $50,000. Judgment was entered on the jury verdict for $50,793 against both defendants, jointly and severally.

Citing *Wolf Camera v. Royter*, 253 Ga. App. 254, 261 (558 SE2d 797) (2002), and *Bullman v. Tenneco Oil Co.*, 197 Ga. App. 408, 409-410 (398 SE2d 311) (1990), White argues that the award of prejudgment interest must be reversed because the aggregate sum demanded against both defendants, $90,000, was greater than the amount of the judgment awarded Jensen following trial. We agree that those cases are controlling here. As we explained in *Wolf Camera*:

> The Unliquidated Damages Interest Act establishes specific procedures for the recovery of prejudgment interest. OCGA § 51-12-14. As the statute is in derogation of the common law, it must be strictly construed. Claimants who give the requisite statutory written notice and demand can recoup prejudgment interest "on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded." OCGA § 51-12-14 (a). (Citation omitted.) *Kuhl v. Shepard*[, 226 Ga. App. 439, 440 (487 SE2d 68) (1997)]. As an initial matter, (a)lthough the law in this state encourages the resolution in one action of all claims arising from a single occurrence or transaction, each letter sent by [plaintiff] offered to settle (his) claims by covenant not to sue in favor of the letter's recipient, thus terminating the action as to that particular party. It is apparent from the demand letters that if any recipient had paid the sum demanded in the letter it received, that payment would not have ended the entire litigation, which would have continued against the other defendants until the total of the sums demanded from all was paid. Thus, the aggregate sum claimed by [plaintiff] from all the defendants — the "sum claimed" — in this case was ($600,000) rather than $300,000 as argued by [plaintiff]. (Citations and punctuation omitted.) *Bullman v. Tenneco Oil Co.*[, 197 Ga. App. at 409-410].

*Wolf Camera v. Royter*, 253 Ga. App. at 261-262 (4).

Jensen argues, however, that this case is distinguishable because she did not include a covenant not to sue a particular defendant in her demand letters, and thus she argues "unlike *Wolf* and *Bullman*, if either of the defendants here had paid [her] demand, the litigation would have ended as to both defendants." We find this argument unavailing. Jensen sent separate and individually addressed letters demanding different settlement amounts from each defendant. There is simply nothing to suggest that Jensen would have dismissed her claims against both defendants had either

defendant met the settlement demand made against him, and thus no basis for concluding that the "sum claimed" in this case is the amount demanded from each defendant, rather than the aggregate amount sought from both defendants.

> If OCGA § 51-12-14 (a) is to be read fairly and according to its most natural and obvious import, the terms "judgment" and "sum claimed" must be treated congruently. If the terms are treated in like fashion, it becomes apparent that the circumstances present here do not satisfy the requirements of OCGA § 51-12-14 (a). Construing both terms as referring to an aggregate amount, the judgment [Jensen] received for [$50,793] was less than . . . the aggregate sum claimed from all parties sued [$90,000]. . . . Similarly, if both terms are construed as referring to amounts from the individual defendants, each [defendant's] pro rata share of the judgment is [$25,395], which is less than [$40,000, the lowest amount claimed from either defendant]. Construing the statute's terms in either fashion, we must conclude that [Jensen] was not entitled to prejudgment interest under the statute. . . .

*Bullman v. Tenneco Oil*, 197 Ga. App. at 410.

Accordingly, the trial court's amended judgment awarding Jensen pre-judgment interest is reversed.

### Case No. A02A1579

3. In his sole enumeration in Case No. A02A1579, White contends that the trial court erred by denying the defendants' motion for directed verdict on the issue of whether there was sufficient evidence to show that Floyd had suffered a compression fracture as a result of the accident. As to this issue, Floyd testified that at the time of the accident she was 18 years old and had never had any previous back problems. The orthopedic doctor who treated Floyd for her injuries testified that Floyd told him that she experienced ankle and low back pain following the accident. The doctor also testified that x-rays taken after the accident indicated a possible mild compression at the second lumbar vertebra, and that this type of trauma would be consistent with this type of accident. The doctor also testified that there was nothing in Floyd's previous medical history to indicate another cause of her back problems. The doctor testified that he treated Floyd for approximately six months, and that he prescribed both physical therapy and medication for her continued back and neck pain. The doctor also testified that although he could not say within a reasonable probability whether the back injury was a vertebra injury or soft

tissue injury, his treatment of the two conditions would be the same. This evidence was sufficient to authorize the jury to conclude that Floyd had injured her back as a result of the accident; moreover, in light of the fact that the treating physician testified that the course of treatment and expected recovery would be the same for either injury, we do not agree with White that a directed verdict was appropriate because the evidence did not show with certainty what type of injury Floyd had sustained.

*Judgment affirmed in part and reversed in part in Case No. A02A1578. Judgment affirmed in Case No. A02A1579. Ruffin, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 23, 2002.

*Karsman, Brooks & Callaway, R. Kran Riddle*, for appellant.
*Lloyd D. Murray & Associates, Lloyd D. Murray, Todd H. Martin*, for appellees.